Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/03/2019 08:06 AM CST

State of Nebraska, appellee, v.
Theodore T. Lillard, appellant.

___ N.W.2d ___

Filed November 26, 2019.    No. A-18-964.

1.  **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2.  **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3.  **Sentences: Probation and Parole.** If a defendant was previously subject to parole under preexisting sentences and subsequently sentenced in other cases either concurrently or consecutively to the prior sentences, Neb. Rev. Stat. § 24-2204.02(4) (Reissue 2016) prevents the defendant from being subject to postrelease supervision.
4.  **Sentences: Words and Phrases.** A determinate sentence is a single term of years and an indeterminate sentence is either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated, even if the minimum and maximum number are the same.
5.  **Appeal and Error.** An appellate court is not obligated to engage in analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: Patricia A. Lamberty, Judge, Retired. Sentences vacated, and cause remanded for resentencing.

Andrea Finegan McChesney, of McChesney Law, for appellant.

Theodore T. Lillard, pro se.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Pirtle, Judge.

## INTRODUCTION

Theodore T. Lillard appeals from his plea-based convictions and sentences for operating a motor vehicle during revocation and driving under the influence (DUI), fourth offense, in the district court for Douglas County. He alleges error by the court in the sentences it imposed. Based on the reasons that follow, we vacate Lillard's sentences and remand the cause for resentencing.

## BACKGROUND

Lillard pled no contest to operating a motor vehicle during revocation, a Class IV felony, and DUI. The DUI conviction was enhanced to a fourth offense, making it a Class IIIA felony. Following a plea hearing, the court accepted Lillard's no contest pleas and found him guilty of the charges. The trial court subsequently sentenced Lillard to 2 years' imprisonment for operating a motor vehicle during revocation and 3 years' imprisonment, plus 18 months' postrelease supervision and 15 years' license revocation for the DUI, fourth offense, conviction. The terms of incarceration were ordered to be served concurrently.

Following sentencing, Lillard filed a verified motion for an order nunc pro tunc alleging that he was improperly sentenced to postrelease supervision and that the Nebraska Department of Correctional Services had erroneously calculated his sentences to run consecutively, rather than concurrently as ordered by the court. Lillard filed his notice of appeal 4 days after filing the motion.

## ASSIGNMENTS OF ERROR

Lillard assigns that the trial court erred in (1) sentencing him to 18 months' postrelease supervision in violation of Neb.

Rev. Stat. § 28-105(7) (Reissue 2016); (2) imposing excessive sentences; (3) failing to state whether the current sentences should be served concurrently or consecutively with sentences he was already serving, as required by Neb. Rev. Stat. § 29-2204(6)(c) (Reissue 2016); and (4) failing to set a hearing on his verified motion for an order nunc pro tunc.

## STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

Lillard assigns that the trial court erred in sentencing him to postrelease supervision in violation of § 28-105(7) and consequently, abused its discretion in imposing excessive sentences. The State agrees that postrelease supervision was not allowed by § 28-105(7).

Lillard's sentence for DUI, fourth offense, a Class IIIA felony, included 18 months' postrelease supervision. Section 28-105(7) provides:

> Any person who is sentenced to imprisonment for a Class III, IIIA, or IV felony committed prior to August 30, 2015, and sentenced concurrently or consecutively to imprisonment for a Class III, IIIA, or IV felony committed on or after August 30, 2015, shall not be subject to post-release supervision pursuant to subsection (1) of this section.

In addition, subsection (6) of § 28-105 provides:

> Any person who is sentenced to imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony and sentenced concurrently or consecutively to imprisonment for a Class III,

IIIA, or IV felony shall not be subject to post-release supervision pursuant to subsection (1) of this section.

The current offenses were committed in 2018. Lillard claims that he was still serving prior sentences from felonies committed in 2011 and 2013 when he was sentenced in this case and that therefore, based on § 28-105(7), postrelease supervision could not be imposed. Lillard's criminal history shows that he was convicted of multiple felonies prior to 2015. His criminal history does not state the specific class of these prior felonies; however, all of them would fall under either § 28-105(6) or (7) such that postrelease supervision was not allowed for the present offenses.

The State further relies on Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016), which applies to sentences for Class III, IIIA, or IV felonies, to support both parties' position that postrelease supervision was not authorized. Section 29-2204.02(4) states:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, *the court shall impose an indeterminate sentence* within the applicable range in section 28-105 *that does not include a period of post-release supervision*, in accordance with the process set forth in section 29-2204.

(Emphasis supplied.)

Section 29-2204.02(4) is applicable only if we consider Lillard's sentences for his prior felony convictions. We did not find any cases that applied § 29-2204.02(4) to preexisting sentences. Existing case law has applied the provision only to multiple sentences being imposed at the same time. However, based on the plain reading of § 29-2204.02(4), we see no reason why it would not apply in a situation such as the present case where sentences are imposed and the defendant is

serving preexisting sentences. We are guided by Neb. Rev. Stat. § 83-1,135.02(3) (Cum. Supp. 2016) which provides that § 29-2204.02 applies to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016, and to all persons sentenced on and after such date.

[3] Section 29-2204.02(4) was added by 2016 Neb. Laws, L.B. 1094. In *State v. Artis*, 296 Neb. 172, 181, 893 N.W.2d 421, 429 (2017), *modified on denial of rehearing* 296 Neb. 606, 894 N.W.2d 349 (2017), the Supreme Court noted that L.B. 1094 was a "'"clean-up"'" bill and was intended to eliminate some unintended effects of 2015 Neb. Laws, L.B. 605. One of those unintended effects was the possibility that a defendant who was sentenced consecutively or concurrently to multiple crimes would be subject to both parole and postrelease supervision. According to the legislative history, § 29-2204.02 was amended to prevent that situation and also to clarify that good time should not apply to postrelease supervision. Committee Statement, L.B. 1094, Judiciary Committee, 104th Leg., 2d Sess. (Feb. 4, 2016). Accordingly, if a defendant was previously subject to parole under preexisting sentences and subsequently sentenced in other cases either concurrently or consecutively to the prior sentences, § 24-2204.02(4) prevents the defendant from being subject to postrelease supervision. We agree with the State that based on § 29-2204.02(4), Lillard could not be sentenced to postrelease supervision.

[4] In addition to the court's error in sentencing Lillard to postrelease supervision, the State also contends that based on § 29-2204.02(4), the court erred in imposing determinate sentences, rather than indeterminate sentences. The trial court sentenced Lillard to 2 years' imprisonment for operating a motor vehicle during revocation and 3 years' imprisonment for DUI, fourth offense. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (determinate sentence is single term of years and indeterminate sentence is either minimum term and maximum term or range of time for which defendant is

to be incarcerated, even if minimum and maximum number are same). The State contends that Lillard was still serving indeterminate sentences from several prior felony convictions when he was sentenced in this case and that therefore, the trial court was required to impose indeterminate sentences. Lillard's criminal record shows that he received indeterminate sentences on his prior convictions. Therefore, we agree with the State that based on § 29-2204.02(4), the determinate sentences imposed in this case are unauthorized and invalid.

Finally, "the process set forth in section 29-2204" that is referenced in § 29-2204.02(4) includes a provision which states: "If the court imposes more than one sentence upon an offender or imposes a sentence upon an offender who is at that time serving another sentence, the court shall state whether the sentences are to be concurrent or consecutive." § 29-2204(6)(c). Lillard assigns that the trial court erred in failing to state whether the sentences in the present case should be served concurrently or consecutively with Lillard's previous sentences. The court stated that the sentences it imposed were to be served concurrently, but it did not state whether the sentences were to be served concurrently or consecutively with the sentences Lillard was already serving. Based on § 29-2204.02(4) and § 29-2204(6)(c), we agree that the court was required to determine whether Lillard's sentences were concurrent or consecutive to his previous sentences and that the court failed to do so.

We conclude that the trial court erred in sentencing Lillard to postrelease supervision, in imposing determinate sentences, and in failing to state whether his sentences in the present case were concurrent or consecutive to his previous sentences. Therefore, we vacate Lillard's sentences and remand the cause to the trial court for resentencing consistent with this opinion.

Lillard's final assignment of error is that the trial court erred in failing to set a hearing on his verified motion for an order nunc pro tunc. Lillard filed the motion after sentencing and

4 days before filing his notice of appeal. He alleged that he was improperly sentenced to postrelease supervision, although he referenced a different statute than he does now, and alleged that the Nebraska Department of Correctional Services had erroneously calculated his sentences to run consecutively, rather than concurrently as ordered by the court. The trial court did not rule on the motion.

[5] We conclude that because we are vacating Lillard's sentences and remanding the cause for resentencing, the errors complained of in Lillard's verified motion for an order nunc pro tunc will be addressed at that time. We need not address this assignment of error further. See *State v. Huston*, 298 Neb. 323, 903 N.W.2d 907 (2017) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

We conclude that the trial court erred in the sentences it imposed against Lillard. Accordingly, we vacate Lillard's sentences and remand the cause for resentencing consistent with this opinion.

Sentences vacated, and cause remanded for resentencing.