IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALVARO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JORGE ALVARO, APPELLANT.

Filed May 5, 2020.    No. A-19-830.

Appeal from the District Court for Hall County: MARK J. YOUNG, Judge. Affirmed as modified.

J.D. Sabott, of Shamberg, Wolf, McDermott & Depue, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Jorge Alvaro appeals his plea-based convictions and sentences in the district court for Hall County for (1) first degree assault, (2) use of a deadly weapon (firearm) to commit a felony, (3) second degree assault, (4) attempted possession of a deadly weapon (firearm) by a prohibited person, and (5) distribution of a controlled substance. He claims that the district court imposed excessive sentences and that his trial counsel provided ineffective assistance. Additionally, the State purports to cross-appeal the district court's grant of 317 days' jail time credit on Alvaro's sentence for use of a deadly weapon (firearm) to commit a felony. For the reasons that follow, we affirm as modified.

- 1 -

## II. BACKGROUND

In November 2018, Alvaro was charged with count I, first degree assault; count II, use of a deadly weapon (firearm) to commit a felony; count III, second degree assault; count IV, use of a deadly weapon (firearm) to commit a felony; count V, possession of a deadly weapon (firearm) by a prohibited person; count VI, unlawful discharge of a firearm; and count VII, criminal mischief. At his initial arraignment, Alvaro pled not guilty to all charges.

On May 13, 2019, an amended information was filed by the State pursuant to a plea agreement. The amended information charged Alvaro with count I, first degree assault; count II, use of a deadly weapon (firearm) to commit a felony; count III, second degree assault; count IV, attempted possession of a deadly weapon (firearm) by a prohibited person; and count V, distribution of a controlled substance. The State agreed to the reduced and amended charges contained in the amended information in exchange for Alvaro's pleas of guilty or no contest on all charges. Furthermore, a joint recommendation was made for a minimum sentence of 3 years on counts I, III, IV, and V, to be served concurrently, and 5 years on count II, to be served consecutively to the other sentences. Alvaro pled no contest to all five charges within the amended information.

At the plea hearing, the State provided the following factual basis for the charges:

[O]n September 1, 2018, officers with the Grand Island Police Department were dispatched to a residence located . . . in Grand Island, Hall County, Nebraska, regarding a possible shooting.

Officers arrived at that location. They interviewed several people, including Jesus Arvizo, Francisco Arvizo, and Alfonso Arvizo. Alfonso reported that he knew the Defendant, Jorge Alvaro, and [Alvaro's] sons who he had identified by name. He reported that he had gotten into an argument with one of [Alvaro's] sons on a prior occasion and that the argument escalated into a physical fight. At some point during the fight, [Alvaro's] son cut Alfonso with a knife.

Alfonso also reported a few weeks later after that incident, he had gone to the State Fair. That was on August 31, 2018. At some point in the evening on that date, he observed [Alvaro's] son, the one who had cut him with a knife, at the fair.

Alfonso reported that he walked over to that individual, [Alvaro's] son, and punched him in the face. The punch knocked [Alvaro's] son to the ground. He indicated that he did that because of the knife incident earlier. Alfonso reported that he left the State Fair and went home to the residence[.]

Jesus, Francisco, and Alfonso Alvarez [sic] reported several hours later, while they were still at the residence which now is on September 1, 2018, they heard something sounding like glass being smashed. They went out the front door to see what was going on. They all reported that they observed the Defendant, Jorge Alvaro, outside. They all indicated they knew him. They had met him before. They were familiar with him.

They indicated that he shot at them with a gun, striking Alfonso in the upper leg torso area and also striking Francisco in the side of his foot. Alfonso was transported to the hospital. He received treatment there, including surgery, for his gunshot injuries which

included some damage to his bladder that needed to be repaired due to the penetrating route of the bullet that went through his body.

Also, back at the scene, officers did recover some shell casings that were out in the street in the area of where the Arvizo brothers indicated that [Alvaro] had been standing when he shot at them.

Officers also determined that Mr. Alvaro was prohibited from possessing a firearm due to his prior felony conviction for distribution of a controlled substance from 2012.

With respect to Count V, the information the State has is that on February 27, 2018, a cooperating individual working with the Nebraska State Patrol arranged to meet the Defendant, Jorge Alvaro, in order to obtain a quantity of marijuana from him. The cooperating individual was searched by law enforcement officers and given some cash to make a purchase.

The C.I. drove to a predetermined location near the Casey's store near the Five Points intersection in Grand Island, Hall County, Nebraska.

An officer involved in that investigation observed the Defendant, Jorge Alvaro, exit a residence near that location, walk over to the C.I.'s vehicle, get inside the vehicle with the C.I. Then a short time later, [Alvaro] exits that vehicle, walks over to another vehicle and gets inside. A short time later, [Alvaro] exits the second vehicle and walks back over and gets into the C.I.'s vehicle. [Alvaro] then delivers a quantity of marijuana to the C.I. in exchange for the payment of money. [Alvaro] then exits the vehicle and walks away. The officers then follow the C.I. to a predetermined location where he was interviewed.

The C.I. then turns over the marijuana to the officers that he had received during the transaction, and he specifically, the C.I. specifically, identified Jorge Alvaro as having delivered a quantity of marijuana to the C.I. in exchange for the cash payment while they were in the vehicle. The marijuana was seized by the officers, and it was confirmed to be marijuana.

All events described in all of those counts occurred in Hall County, Nebraska.

Prior to accepting Alvaro's pleas, the district court informed him of the rights he would be giving up if his pleas were accepted, and the possible sentences that could be imposed. The district court found beyond a reasonable doubt that Alvaro understood the nature of the charges against him; the possible sentences that could be imposed; that his pleas were made freely, knowingly, intelligently, and voluntarily; and that there was a factual basis to support the guilty pleas. The district court found Alvaro guilty on all five charges within the amended information and ordered a presentence investigation.

A sentencing hearing took place on August 9, 2019, and the district court sentenced Alvaro to 3 to 10 years' imprisonment on counts I, III, and IV; 8 to 30 years' imprisonment on count II; and 3 to 5 years' imprisonment on count V. Counts I, III, and IV were ordered to be served concurrently, and counts II and V were ordered to be served consecutively to each other and the other sentences. Alvaro was given 317 days' credit for time served on counts I, II, III, and IV.

### III. ASSIGNMENTS OF ERROR

Alvaro assigns that (1) the sentence imposed by the district court in this case was excessive and constituted an abuse of discretion and (2) he received ineffective assistance of trial counsel.

In its purported cross-appeal, the State assigns that the district court committed plain error by granting 317 days' jail time credit on count II.

### IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving the litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

Plain error may be found on appeal when an error unasserted or uncomplained of at trial is plainly evident from the record, affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Briggs*, 303 Neb. 352, 929 N.W.2d 65 (2019).

### V. ANALYSIS

#### 1. ALVARO'S APPEAL

#### (a) Excessive Sentences

Alvaro's first assignment of error is that the sentences imposed by the district court in this case are excessive and constitute an abuse of discretion. We find that the district court did not abuse its discretion in sentencing Alvaro.

Under Neb. Rev. Stat. § 28-308(2) (Reissue 2016), first degree assault is classified as a Class II felony. A Class II felony, under Neb. Rev. Stat. § 28-105(1) (Reissue 2016), is punishable by imprisonment for a minimum of 1 year and a maximum of 50 years. The district court sentenced Alvaro to 3 to 10 years' imprisonment on the charge of first degree assault (count I).

Under Neb. Rev. Stat. § 28-1205(1)(a) and (c) (Reissue 2016), use of a deadly weapon (firearm) to commit a felony is classified as a Class IC felony. A Class IC felony, under § 28-105(1), is punishable by imprisonment for a mandatory minimum of 5 years and a maximum of 50 years. The district court sentenced Alvaro to 8 to 30 years' imprisonment on the charge of use of a deadly weapon (firearm) to commit a felony (count II). Furthermore, under § 28-1205(3),

a sentence for the crime of use of a deadly weapon to commit a felony must run consecutively to any other sentence imposed.

Under Neb. Rev. Stat. § 28-309(2) (Reissue 2016), second degree assault is classified as a Class IIA felony. A class IIA felony, under § 28-105(1), is punishable by imprisonment for a maximum of 20 years with no minimum. The district court sentenced Alvaro to 3 to 10 years' imprisonment on the charge of second degree assault (count III).

Under Neb. Rev. Stat. §§ 28-1206 and 28-201(4)(a) (Reissue 2016), attempted possession of a deadly weapon (firearm) by a prohibited person is classified as a Class II felony. As mentioned, a Class II felony is punishable by imprisonment for a minimum of 1 year and a maximum of 50 years under § 28-105(1). The district court sentenced Alvaro to 3 to 10 years' imprisonment on the charge of attempted possession of a deadly weapon (firearm) by a prohibited person (count IV).

Under Neb. Rev. Stat. § 28-416(1)(a) and (2)(b) (Reissue 2016), distribution of a controlled substance is classified as a Class IIA felony. As mentioned, a Class IIA felony is punishable by imprisonment for a maximum of 20 years with no minimum. The district court sentenced Alvaro to 3 to 5 years' imprisonment on the charge of distribution of a controlled substance (count V).

Additionally, the district court ordered the sentences on counts I, III, and IV to be served concurrently, and the sentences on counts II and V to be served consecutively. The district court granted Alvaro 317 days' credit for time served on counts I, II, III, and IV.

Alvaro's sentences clearly were within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentences to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Alvaro argues that the district court "failed to appropriately balance the relevant sentencing factors . . . ." Brief for appellant at 8. We disagree. At the sentencing hearing, Alvaro's trial counsel was given the opportunity to speak, at length, to the circumstances surrounding the incident that gave rise to the charges against Alvaro. In particular, Alvaro's trial counsel explained that Alvaro reacted in a "fatherly rage" to an incident earlier that evening where one of the victims had punched Alvaro's son in the face, causing him to be "knocked out cold." Alvaro's trial counsel described him as a "devoted family man" who accepted the State's plea agreement with the hope that Alvaro could resume "a meaningful relationship" with his family at a later date.

Alvaro was given the opportunity to speak on his own behalf, where he apologized for his actions and acknowledged that what he did was wrong and that he was willing to accept the consequences of his actions. Alvaro expressed during allocution:

I wanted to apologize to the Court, to the community of Grand Island, and to my family for my actions. I have set a terrible example for my kids and friends. That's not who I am or how I raised my kids to be.

I know what I did was wrong. I wish I could go back and change the past, but unfortunately, I cannot. It's something I have to live with and accept the consequences and repercussions for. I'm truly, truly very sorry.

The presentence investigation (PSI) revealed that Alvaro scored a 37 on the Level of Service/Case Management Inventory (LS/CMI), a tool used "to determine the degree of risk the defendant presents to recidivate." Under the LS/CMI, a score of 37 places an individual at a "very high risk for reoffending." Of the eight risk factors evaluated within the LS/CMI, Alvaro scored at a "high risk" range in four categories and a "very high risk" range in the other four categories.

The PSI also revealed the extent of Alvaro's criminal history. Alvaro has previous convictions for burglary, driving under the influence, possession of a controlled substance with intent to distribute, careless driving, driving under suspension, third degree domestic assault, and two failures to appear.

Before announcing the sentence for each charge, the district court acknowledged that it considered the various factors set forth by the Nebraska Supreme Court, and other applicable legal principles, including Alvaro's age; mentality; education and life experiences; social and cultural background; past criminal record; the motivation, nature, and violence of the offenses; and the information contained within the presentence investigation, including the results of the LS/CMI and Alvaro's criminal history. The district court also considered arguments by both Alvaro's trial counsel and the State, and the sentencing recommendations given as part of the plea agreement.

On appeal, Alvaro primarily takes issue with the fact that the "separate and concurrent [sic] sentences related to the drug charges was a much more severe punishment than the sentencing proposal agreed upon between the State and Alvaro." Brief for appellant at 9-10. However, a judge is not bound to give a defendant the sentence recommended by a prosecutor under a plea agreement. See *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). In fact, at Alvaro's plea hearing, the district court specifically made Alvaro aware of this fact:

THE COURT: Mr. Alvaro, do you understand that plea agreements aren't binding on the Court?

[ALVARO]: Yes.

THE COURT: In other words, you and the County Attorney's office have reached an agreement concerning a recommended minimum term as to each case or each count and whether or not those counts would run concurrent or consecutive.

Do you understand that part of the agreement is not binding on me?

[ALVARO]: Yes.

The district court sentenced Alvaro to 8 to 30 years' imprisonment on count II, use of a deadly weapon (firearm) to commit a felony, despite the joint recommendation of 5 years' imprisonment as the minimum sentence. The district court also ordered that the sentence on count V, distribution of a controlled substance, be served consecutively to all other sentences, despite

the joint recommendation that counts I, III, IV, and V be served concurrently. However, we cannot say that this departure from the joint recommendation as part of the plea agreement between Alvaro and the State was an abuse of discretion.

At sentencing, the district court specifically noted that count V, distribution of a controlled substance, was a "separate incident and has to be addressed . . . separately." The district court also considered that Alvaro had previous convictions for drug-related offenses and that count V was another drug-related offense. Overall, the district court noted:

> While I can understand the motivation for this offense as being your desire to protect your children and exact revenge for your children, I cannot accept it as a justification for what you did.
>
> I am also concerned, Mr. Alvaro, that you have six prior serious misdemeanor convictions and two prior felony convictions. One of those felony convictions is for selling drugs, and you're back here today also facing charges for selling drugs.

It was this rationale that led the district court to order the sentence for count V to be served consecutively to the other charges. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Leahy*, *supra*. We note that the district court adopted the joint recommendation of the plea agreement between Alvaro and the State for the majority of the charges against Alvaro. These sentences were near the low-end of the permissible statutory range on all counts. The record does not indicate that the district court considered any improper factors, and we find that the court did not abuse its discretion in sentencing Alvaro.

### (b) Ineffective Assistance of Counsel

Alvaro also contends that he received ineffective assistance of trial counsel. However, the State argues, and we agree, that Alvaro's assigned error did not allege deficient performance with sufficient specificity to be considered on appeal. Recently, the Supreme Court stated in *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019):

> We have held that when raising an ineffective assistance claim on direct appeal, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. And we have long held that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. It follows that we should not have to scour the argument section of an appellant's brief to extract specific allegations of deficient performance. We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

Alvaro, in his brief, generally assigns that he "received ineffective assistance of trial counsel." Brief for appellant at 3. Nowhere in this assignment of error does Alvaro allege with specificity the conduct of his trial counsel alleged to be deficient. Notably, *State v. Mrza, supra*, was released on April 19, 2019. Alvaro filed his brief on November 18, 2019, 7 months after the

Supreme Court released its opinion in *Mrza*. Therefore, we find that Alvaro has not properly assigned his ineffective assistance of trial counsel claim, and we do not consider its merits on this appeal.

## 2. STATE'S PURPORTED CROSS-APPEAL

While the State frames its argument that the district court committed plain error by granting Alvaro 317 days' jail credit on count II as a cross-appeal, the Supreme Court recently released an opinion that leads us to conclude that a cross-appeal is not the appropriate mechanism to raise this argument. In *State v. Guzman*, 305 Neb. 376, 384, 940 N.W.2d 552, 561-62 (2020), the Supreme Court held:

> The right of appeal is purely statutory. A court rule provides in part that "[t]he proper filing of an appeal shall vest in an appellee the right to a cross-appeal against any other party to the appeal." But a court rule cannot provide a right to appeal that does not exist in statute. And here, the State did not comply with the statutory prerequisites to appeal, the dictates of which are to be strictly construed against the government. Thus, it could not assert a cross-appeal. We express no opinion as to whether the State could assert a cross-appeal if it had complied with those statutory requisites.
>
> When a defendant challenges a sentence imposed by the district court as excessive and the State believes the sentence to be erroneous but has not complied with § 29-2315.01 or § 29-2321, the State may not assert such error via cross-appeal. We see no error in the traditional procedure where the State identifies any plain sentencing errors in its responsive brief. An appellate court may, at its option, notice plain error. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.

In this case, the State's purported cross-appeal, like in *State v. Guzman, supra*, was not made in accordance with the requirements of either Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2018) or Neb. Rev. Stat. § 29-2321 (Reissue 2016). Notably, the Supreme Court's opinion in *State v. Guzman, supra*, was released on March 27, 2020. The State filed its "Brief of Appellee and Brief on Cross-Appeal" on December 17, 2019, before the Court provided clarity regarding the appropriate mechanism to challenge an alleged sentencing error made in plain error. Against this background, we address the State's argument under our plain error review.

The State contends that the district court committed plain error by granting Alvaro 317 days' jail time credit on count II. The State argues that because the sentence of 8 to 30 years' imprisonment on count II, use of a deadly weapon (firearm) to commit a felony, was ordered to be served consecutively to the other sentences, as required by § 28-1205(3), credit for time served should not have been granted. In doing so, the State cites to the Supreme Court decision in *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011), which construed Neb. Rev. Stat. § 83-1,106 (Reissue 2016) as permitting credit for time served to be applied only once in cases where the defendant is given consecutive sentences:

> """[W]hen consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed: an offender who receives consecutive sentences is entitled to credit against only the first

sentence imposed, while an offender sentenced to concurrent terms in effect receives credit against each sentence."'"

*State v. Williams*, 282 Neb. at 199, 802 N.W.2d at 434 (quoting *State v. Sanchez*, 2 Neb. App. 1008, 520 N.W.2d 33 (1994)).

In this case, the sentences on counts I, III, and IV were ordered to be served concurrently. The sentences on counts II and V were ordered to be served consecutively to all others. Nevertheless, the district court granted Alvaro credit for time served on count II, ordering:

> As to Count II, it's the sentence of the Court that you serve not less than 8 nor more than 30 years in the Nebraska State Penitentiary with credit given against the aggravate [sic] -- to the extent allowed by law, credit given against that aggregate maximum and minimum sentences of 317 days.

Based on the Supreme Court's holding in *State v. Williams, supra*, we agree with the State that any credit for time served should have been applied to Alvaro's sentences only once, for the sentences ordered to be served concurrently. Because the sentences on counts II and V were ordered to be served consecutively to each other, and consecutively to the sentences on counts I, III, and IV, it was in error to grant Alvaro 317 days' credit for time served on count II. We therefore strike this portion of the district court's sentencing order and apply the 317 days' credit only to counts I, III, and IV. The sentencing order of the district court is otherwise affirmed as modified.

## VI. CONCLUSION

We conclude that the sentences imposed by the district court were not excessive. We also find that Alvaro has not sufficiently assigned as error his claim of ineffective assistance of trial counsel. Finally, we find that the district court committed plain error by awarding Alvaro 317 days' jail time credit on count II, a sentence ordered to be served consecutively to his other sentences. We therefore strike the relevant portion of the district court's sentencing order applying 317 days' credit against count II. Accordingly, Alvaro's convictions and sentences are affirmed as modified.

AFFIRMED AS MODIFIED.