IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MORRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SAMUEL A. MORRIS, APPELLANT.

Filed June 2, 2020.    No. A-19-538.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Joseph P. Naatz, of Kreikemeier Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Samuel A. Morris pled no contest to one count of attempted first degree sexual assault of a child. The Sarpy County District Court sentenced him to 8 to 16 years' imprisonment. Morris claims that the district court imposed an excessive sentence and that he was denied his right to effective assistance of counsel. We affirm.

## II. BACKGROUND

On March 23, 2018, the State filed an information charging Morris with two counts: count I, first degree sexual assault of a child, a Class IB felony, pursuant to Neb. Rev. Stat. § 28-319.01 (Reissue 2016); and count II, violation of a handgun permit - consumed alcohol, a Class III misdemeanor, pursuant to Neb. Rev. Stat. §§ 69-2441 (Reissue 2009) and 69-2443 (Reissue 2018).

Pursuant to a plea agreement, the State filed an amended information on February 14, 2019, charging Morris with one count of attempted first degree sexual assault of a child, a Class II felony, pursuant to § 28-319.01 and Neb. Rev. Stat. § 28-201 (Cum. Supp. 2018). At a hearing that same day, Morris pled no contest to the count in the amended information. According to the factual basis provided by the State,

> On December 15, 2017, officers were dispatched to [an address on] Hancock Street [in] Sarpy County, Nebraska[,] to remove a party.
> Officers made contact initially with . . . Morris . . . who was outside the trailer looking into one of the windows of the residence. At that time . . . [o]fficers asked him why he was there. He stated his friend and his phone were inside and he was trying to get his phone. He then stated that he met the individual on the Grinder app. At that time his blood alcohol content was taken, point 222. His date of birth is [in 1962].
> Officers made contact with . . . T.S. who stated that he was out with his friends and his brother, P.S., whose date of birth [was in 2003], making him 14 years old at the time, was home alone. T.S. stated when he returned home he observed [Morris] inside the trailer, did not know why he was there. Officers spoke with P.S. P.S. told officers that [Morris] was performing oral sex on P.S., and P.S. heard his brother coming inside the residence.
> All events occurred in Sarpy County, Nebraska.

The district court accepted Morris' no contest plea to the charge in the amended information and found him guilty of the same. The case was set for sentencing.

After a hearing on May 6, 2019, the district court sentenced Morris to 8 to 16 years' imprisonment, with credit for 5 days already served.

Morris appeals.

## III. ASSIGNMENTS OF ERROR

Morris assigns (1) the district court imposed an excessive sentence and (2) he received ineffective assistance from trial counsel who failed to investigate and explore aspects of his defense, and failed to advise him about his right to allocution and prepare him for addressing the court.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Morris was convicted of one count of attempted first degree sexual assault of a child, a Class II felony, pursuant to §§ 28-201 and 28-319.01. The Class II felony was punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018). Morris was sentenced to 8 to 16 years' imprisonment; his sentence was within the statutory range.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Morris was 56 years old at the time of sentencing. According to the presentence report (PSR), Morris was divorced, had four adult children and one grandchild, had completed some college, and was employed in network systems engineering at a company prior to his arrest.

Morris' criminal history includes a fine for trespassing in 1980. The PSR includes "MIP," "Unlawful Possession," and "Liquor by Minor" offenses in 1980, but notes "No Disposition Shown" for each of those offenses. As for his current offense, Morris was convicted of attempted first degree sexual assault of a child. Additionally, after his current offense, he received a "DUI" in February 2018, for which he received a fine and 2 days' jail time.

The probation officer conducted a "Level of Service/Case Management Inventory." Morris was assessed as an overall "[m]edium-[l]ow" risk to reoffend. He scored "HIGH" in the criminogenic risk factor domain for leisure/recreation. He scored "MEDIUM" risk in the domains for education/employment and alcohol/drug problem. He scored "LOW" risk in the domains for family/marital and antisocial pattern. And he scored "VERY LOW" risk in the domains for criminal history, companions, and pro-criminal attitude/orientation. On the "Substance Abuse Questionnaire," Morris scored in the "[p]roblem [r]isk [r]ange" for truthfulness and stress coping, and in the "[m]edium [r]isk [r]ange" for alcohol. On the "Vermont Assessment of Sex Offender Risk-2," Morris scored in the "Moderate-Low" risk range for recidivism.

At the sentencing hearing, Morris' counsel noted that the PSR indicated no criminal history with the exception of a DUI that occurred after this offense, and that Morris was a very low risk for future sexual offenses. Counsel argued that Morris had been drinking and "made a very poor decision in judgment." He noted that Morris was "on an adult website that actually required a person to log in that says they're at least 19 years old" and that he "was basically invited over to this individual's [the victim's] house." Counsel stated that Morris had done everything required of him since the case began, and counsel thought Morris was "an excellent candidate for probation." Morris personally addressed the court stating, "I realized that what I did was wrong," "[a]nd I've been extremely ashamed and remorseful for the harm I caused to the victim and his family and to my family and to the Court." Morris said "[t]he events that took place are way out of character for [him]" and that the court would "never see [him] . . . again for any offense." The State asked for a "straight sentence."

The district court stated that it had considered the relevant sentencing factors. The court noted that Morris was 56 years old and the victim was 14 years old, and there was alcohol and a gun involved. The court stated, "There has to be laws set there to protect those that can't protect themselves. I'm concerned it could have went a lot of different ways given the influences there." The court found that imprisonment was necessary and sentenced Morris as set forth previously.

In his brief, Morris contends that his sentence was an abuse of discretion because the district court "did not seriously consider all of the mitigating factors." Brief for appellant at 9. Morris then recounts information from the PSR, including that he had "nearly no criminal history." *Id*.

Having considered the relevant factors in this case, we find that Morris' sentence was not excessive or an abuse of discretion and his sentence is therefore affirmed. See *State v. Lierman, supra* (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

## 2. EFFECTIVENESS OF COUNSEL

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*.

Morris has different counsel on direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

Thus, in reviewing Morris' claims of ineffective assistance of counsel on direct appeal, we decide only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. See *id*.

Morris claims that his trial counsel (1) failed to investigate and explore aspects of his defense, and (2) failed to advise him about his right to allocution and prepare him for addressing the court.

(a) Defense

The victim in this case initially indicated to family and law enforcement that Morris was at the residence to buy a Play Station, but the victim later told law enforcement that Morris performed oral sex on him.

Morris claims that his trial counsel failed to investigate or explore aspects of his defense when counsel failed to depose the victim, "the only available fact witness for the State," "and explore what [the victim] might have said under oath and at the time of trial." Brief for appellant at 13. Morris claims that counsel's failure to depose the victim prejudiced Morris from "being prepared for a potential trial or for exploring additional plea offers available to him." *Id*. See, also, Neb. Rev. Stat. § 29-1917 (Reissue 2016) (deposition may be ordered when testimony of witness may be material or relevant to issue to be determined at trial or if testimony may be of assistance to parties in preparation of their respective cases; deposition may be used at trial by any party solely for purpose of contradicting or impeaching testimony of deponent as witness). The State asserts that the record is insufficient to address this claim on direct appeal. We conclude otherwise.

As noted by Morris, the victim did change his initial statement to law enforcement. The PSR contains additional evidence in this case. According to investigative reports in the PSR, both Morris and the victim revealed they met on the "Grindr app." Law enforcement was able to obtain a copy of the Grindr message chat between Morris and the victim. The chat reveals that the victim sent a picture of his penis to Morris and Morris then agreed to meet the victim, who sent a "Google map" image. The victim then asked Morris if he minded a "3some," to which Morris replied he did not mind. Morris further indicated he would not get undressed, but provided graphic detail as to performing oral sex on "both of you." He then asked, "Can you please send me an address. My phone isn't telling me where to go based on that location pin you sent." The victim gave an address. The investigative reports and the message chat reveal that Morris had a difficult time finding the address sent by the victim, but was ultimately able to locate the residence. According to investigative reports, the victim and Morris gave conflicting reports about what happened next. The victim said that Morris remained clothed, but performed oral sex on the victim. However, Morris said that when he arrived at the residence, the victim seemed young but told Morris that he was 19 years old. According to Morris, the victim wanted oral sex, but Morris was not comfortable with that and offered a "hand job" instead.

A person commits sexual assault of a child in the first degree when he or she subjects another person who is at least 12 years of age but less than 16 years of age to sexual penetration and the actor is 25 years of age or older. See § 28-319.01(1)(b). Sexual penetration includes fellatio. See Neb. Rev. Stat. § 28-318(6) (Reissue 2016). A defendant's conduct rises to criminal attempt if he or she intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime. See, § 28-201; *State v. Cruz*, 23 Neb. App. 814, 876 N.W.2d 404 (2016).

In this case, there does not appear to be any question that at the time of the offense the victim was at least 12 years of age but less than 16 years of age, and that Morris was 25 years of age or older. The question is whether Morris' conduct constituted a substantial step towards the sexual penetration of the victim. The victim's statements and testimony would provide key

evidence as to the degree of the sexual assault committed by Morris, i.e., whether Morris' conduct was more in line with sexual penetration or a less punitive sexual contact.

Although no motion to take the victim's deposition pursuant to § 29-1917 appears in our record, Morris does not explain how not taking the victim's deposition was deficient performance by his trial counsel in light of the other available evidence regarding his contact with the child victim. Further, at the plea hearing, Morris confirmed his understanding that by entering a plea, he was waiving or giving up certain rights, including his right to confront and cross-examine the State's witnesses, and his right to challenge the admissibility of evidence. Morris also confirmed his understanding that by entering a plea, he was waiving or giving up his presumption of innocence. Accordingly, Morris cannot show he was prejudiced and this claim of ineffective assistance fails.

### (b) Allocution

Morris claims that his trial counsel failed to advise him about his right to allocution and prepare him for addressing the court at sentencing. Morris argues that counsel's failure to advise him that he would have an opportunity to address the court left him "unprepared to appropriately address the court and subsequently left the court unable to assess [him] in fashioning an appropriate sentence." Brief for appellant at 14. The State once again asserts that the record is insufficient to address this claim on direct appeal. We conclude otherwise. Morris did have an opportunity to address the court. And although he claims his trial counsel failed to properly advise and prepare him for allocution, Morris does not specifically identify what information he would have provided to the court that was not already available in the PSR. Nor does he demonstrate a reasonable probability that his sentence would have been any different had he been better prepared for allocution. Accordingly, this claim of ineffective assistance of counsel fails.

### VI. CONCLUSION

For the reasons stated above, we affirm Morris' sentence. The record is also sufficient to review both of Morris' claims of ineffective assistance of trial counsel, and we conclude that both claims fail.

AFFIRMED.