Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/21/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Ryan W. Blaha, appellant.
___ N.W.2d ___

Filed June 21, 2019.    No. S-18-912.

1.  **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2.  **Judgments: Words and Phrases: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3.  **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.
4.  **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.
5.  **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.
6.  ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's

demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

7. **Trial: Judges: Sentences.** The law invests a trial judge with a wide discretion as to the sources and types of information used to assist him or her in determining the sentence to be imposed within statutory limits.

8. **Pleas: Waiver.** Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.

9. **Effectiveness of Counsel: Pleas.** When a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

10. **Effectiveness of Counsel: Records: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.

11. **Effectiveness of Counsel: Proof.** Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

12. ____: ____. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

13. **Effectiveness of Counsel: Pleas.** In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

14. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

15. **Effectiveness of Counsel: Proof.** The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), may be addressed in either order.

16. **Effectiveness of Counsel: Proof: Appeal and Error.** An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal. General allegations that trial counsel

performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal.

17. **Presentence Reports.** A defendant has a qualified right to review his or her presentence report, and the defendant may, with his or her attorney, examine the presentence report subject to the court's supervision.

18. **Presentence Reports: Waiver: Notice.** A defendant waives his or her qualified right to review the presentence investigation report by not notifying the trial court that he or she has not personally reviewed the report and that he or she wishes to do so.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Katie L. Jadlowski for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

Through new counsel, Ryan W. Blaha appeals his criminal convictions and sentences, attacking the sentences imposed and asserting ineffective assistance of trial counsel. Regarding his sentences, we (1) again reject the premise that sentences within statutory limits are never excessive, (2) dispel the notion that sentencing factors have not been adequately considered without specific discussion, and (3) reiterate that a sentencing court may consider a defendant's conduct underlying dismissed charges. Although the record does not allow us to reach one of his four ineffectiveness claims, we find no merit to the others, which are, respectively, refuted by the record, not prejudicial, and insufficiently alleged. We affirm.

## II. BACKGROUND

In March 2017, the State charged Blaha with eight counts, including assault in the first degree and use of a deadly weapon to commit a felony. From that time until the plea hearing in July 2018, no pretrial motions were filed. At the hearing, the parties announced a plea agreement, in which Blaha would plead no contest to those two charges and in exchange the State would dismiss the remaining charges. After the district court informed Blaha of his constitutional rights and received his pleas of no contest, the State set forth a factual basis for the charges. The district court accepted Blaha's pleas of no contest, found him guilty beyond a reasonable doubt, and dismissed the remaining charges.

When the court asked trial counsel at the sentencing hearing whether he had any additions or corrections to the presentence investigation report, he directed the court to the documents which already had been shared with the court. Before the sentences were pronounced, trial counsel and the State made arguments. Blaha exercised his right to allocution and expressed remorse and responsibility for his actions. When pronouncing its sentences, the district court discussed mainly the nature of the offense and the amount of violence involved, but also mentioned Blaha's age and mental illness as mitigating factors. It sentenced Blaha to consecutive sentences of 30 to 40 years' imprisonment for assault in the first degree and 15 to 30 years' imprisonment for use of a deadly weapon to commit a felony.

Blaha filed a timely appeal, which we moved to our docket.[1]

## III. ASSIGNMENTS OF ERROR

Blaha assigns, restated and reordered, that (1) the district court abused its discretion by imposing excessive sentences and (2) he received ineffective assistance of trial counsel where counsel (a) failed to advise Blaha of the statutory

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

sentencing ranges, (b) failed to correct the State's factual basis for the pleas, (c) failed to engage in pretrial litigation, and (d) failed to allow Blaha to review the presentence investigation report.

## IV. STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

[3] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[4]

## V. ANALYSIS

### 1. Excessive Sentences

Although Blaha does not dispute that the sentences were within the statutory limits, he contends that the district court abused its discretion by imposing excessive sentences. Before turning to his two arguments, we recall general principles of law.

[4,5] The law governing review of criminal sentences is well settled. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its

---

[2] *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

[3] *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019).

[4] *Mrza, supra* note 2.

discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[5] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[6]

[6] We have repeatedly stated that the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[7] With these principles in mind, we turn to Blaha's specific arguments.

First, Blaha contends that Neb. Rev. Stat. § 29-2308 (Reissue 2016) has become meaningless. He asserts that effectively, most appellate courts "hold that *almost any* sentence that is within the statutory limits is not an abuse of discretion."[8] Many years ago in *State v. Ruisi*,[9] a divided panel of the Nebraska Court of Appeals articulated a similar proposition. But in *State v. Decker*,[10] we rejected that notion. We quoted the Court of Appeals' dissent, which stated that this court "'has not foreclosed any sentence within statutory limits from being excessive, but it strongly suggests it is a rare exception.'"[11]

---

[5] *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

[6] *Id.*

[7] See *id.*

[8] Brief for appellant at 20 (emphasis supplied).

[9] *State v. Ruisi*, 9 Neb. App. 435, 616 N.W.2d 19 (2000), *disapproved in part, State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001).

[10] *Decker, supra* note 9.

[11] *Id*. at 398, 622 N.W.2d at 917 (quoting *Ruisi, supra* note 9 (Buckley, District Judge, Retired, dissenting)).

Eighteen years later, this remains true. Blaha's first argument lacks merit.

Second, Blaha asserts that "[t]he district court's failure to *adequately* consider and apply the sentencing factors,"[12] including his mentality, motivation for the offense, criminal history, education and work history, and age, "resulted in an unjust, excessive sentence and the court abused its discretion in imposing such a sentence."[13] He relies on his mental deterioration in the preceding days to the events, his mental and behavioral illnesses, his criminal history and profile, his steady employment, and his immaturity.

At the sentencing hearing, the court stated that it did not believe the maximum punishment of 100 years' imprisonment was appropriate, "considering the youth of [Blaha] and his mental illness problems that he had at that time." It discussed the significant tragedy to the victim's family, how the victim did not heal, and how the victim's life changed forever. The court discussed the fact that Blaha shot at other people in the parking lot where the incident occurred and how Blaha did not express remorse to them when issuing its sentences.

We reject the notion that a court does not *adequately* consider sentencing factors when it does not discuss each one of them during the sentencing hearing or in its sentencing order. The record includes the presentence investigation report and shows that the court reviewed the entire report, which contains the information necessary to weigh the sentencing factors. In essence, Blaha quarrels with the weight accorded to these factors by the sentencing court. We do not review sentences de novo, but only for an abuse of discretion.

[7] At oral argument, Blaha offered additional reasoning: that the court improperly considered the facts surrounding the dismissed charges. In *State v. Janis*,[14] we rejected a similar

---

[12] Brief for appellant at 13 (emphasis supplied).

[13] *Id.*

[14] *State v. Janis*, 207 Neb. 491, 299 N.W.2d 447 (1980).

argument. There, we stated that the law invests a trial judge with a wide discretion as to the sources and types of information used to assist him or her in determining the sentence to be imposed within statutory limits.[15] Because the court considered the facts underlying the dismissed charges, it did not consider improper sentencing factors. Our review of the record discloses that the court considered relevant factors and did not consider improper factors. We conclude that the district court did not abuse its discretion when imposing the sentences.

## 2. Ineffective Assistance of Counsel

We begin by reciting the general principles of law that will guide our analysis, then turn to Blaha's specific claims of ineffective assistance of counsel.

[8,9] Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.[16] Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.[17] Here, Blaha asserts only the latter.

[10] Blaha has different counsel on direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.[18]

[11-15] Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[19] the

---

[15] *Id.*

[16] *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017).

[17] *Id.*

[18] See *Mrza, supra* note 2.

[19] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[20] To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[21] In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.[22] When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.[23] The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order.[24]

Thus, in reviewing Blaha's claims of ineffective assistance of counsel on direct appeal, we decide only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[25]

### (a) Statutory Sentencing Ranges

Blaha claims that trial counsel was ineffective in failing to advise him of the statutory sentencing ranges and that counsel guaranteed a sentence of 12 to 20 years' imprisonment. He asserts that he was prejudiced by trial counsel's deficient performance, because he relied on the sentencing representations

---

[20] *Mrza, supra* note 2.

[21] *Id.*

[22] *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500.

[23] See *State v. Manjikian, ante* p. 100, 927 N.W.2d 48 (2019).

[24] See *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

[25] See *State v. Munoz, ante* p. 69, 927 N.W.2d 25 (2019).

made to him when deciding whether to accept the State's plea offer or go to trial.

But the record shows otherwise. At the plea hearing, the district court informed Blaha that the maximum possible sentence for each offense was 50 years' imprisonment. The court informed Blaha that the sentence for use of a deadly weapon must run consecutively to the sentence for assault. Blaha denied that "anyone made any promises to [him] in exchange for [his] pleas of no contest other than the plea agreement [that was] already set forth." Blaha confirmed that he understood that the court alone would decide his sentences. From these statements, the record affirmatively refutes Blaha's claim that he was not advised of the statutory sentencing ranges and was promised 12 to 20 years' imprisonment. We conclude that this argument is without merit.

### (b) Factual Basis

For many years, we have stated that the record necessary to support a plea of guilty or no contest must establish that there is a factual basis for the plea.[26] "The purpose of requiring arraigning judges to inquire into . . . the factual basis lies in ensuring that the defendant has, according to the acts the defendant admits, committed an offense as charged or a lesser included offense."[27]

Before discussing Blaha's claim regarding his counsel's alleged deficiencies in failing to correct a misstatement and an inaccurate statement, we quote extensively from the State's factual basis recited at the plea hearing, emphasizing the portions Blaha challenges.

> [On] January 11th, 2017, . . . officers with the Omaha Police Department were dispatched to the parking lot of [a furniture store] to investigate a shooting.

---

[26] See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986).

[27] Alan G. Gless, *Nebraska Plea-Based Convictions Practice: A Primer and Commentary*, 79 Neb. L. Rev. 293, 323 (2000).

Upon arrival officers located the victim, . . . who was suffering from multiple gunshot wounds to his back. The victim . . . indicated that he had been shot by an unknown white male suspect who was armed with a shotgun, had demanded his wallet, and fled in a green Ford Explorer.

. . . .

On [the following day], detectives with the homicide unit had received a tip that an individual by the name of *James White* (sic) had spoken to an individual who was identified as the defendant, . . . Blaha, and . . . *Knight* indicated that . . . Blaha had admitted to shooting the victim . . . .

Officers with the Omaha Police Department were granted permission to search [Blaha's] residence. Inside of that residence officers located a cell phone belonging to [Blaha]. *A search of that cell phone revealed a video which showed* [*Blaha*] *burning the wallet that was taken from* [*the victim*], and all of those events occurred here in Douglas County, Nebraska.

Blaha argues that "[t]he State mistakenly interchanged the name of two individuals—White and Knight—and the mistake went uncorrected."[28] Further, he challenges the accuracy of the statement that a video of a burning wallet was found on his cell phone.

The record conclusively establishes that Blaha suffered no prejudice from the prosecutor's misstatement of the informant's name. He challenged the informant's name, which was not an element of either offense. At oral argument, the State correctly pointed out that the informant could have been identified as "informant number 1" and it would have made no difference. Moreover, the record makes it clear that the prosecutor simply misspoke the name in the first instance and corrected it in the same sentence. Blaha did not challenge

---

[28] Brief for appellant at 11.

the statement that he admitted to the shooting, which was the essential substance of the factual basis. Blaha was not prejudiced by this mistake.

Likewise, the record conclusively establishes that no prejudice flowed from the other alleged inaccuracy of the factual basis. The statement that police found the video was not necessary to establish the factual basis. Blaha did not challenge how the statement was inaccurate or how it was necessary to establish an element of either crime. The statement was mere surplusage. With or without it, the factual basis was sufficient. Therefore, Blaha was not prejudiced by counsel's allegedly deficient conduct.

Accordingly, this claim also lacks merit.

### (c) Pretrial Litigation

[16] Blaha contends that trial counsel was ineffective for failing to engage in any pretrial litigation in the intervening 16 months between filing the information and the plea hearing. Without more, this allegation would not be sufficiently specific to allege deficient performance. An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal.[29]

In *State v. Mrza*,[30] we clarified that the allegations of counsel's deficient performance must be specifically alleged in the assignments of error section of the appellant's brief. Because Blaha's brief was filed before our opinion in *Mrza* was released, we examine his argument for the necessary specificity. Doing so reveals two aspects of his broad allegation.

---

[29] See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[30] *Mrza, supra* note 2.

In Blaha's brief, he first argues that trial counsel did not attempt to suppress any evidence found during the search of his home or cell phone. But this allegation is also not sufficiently specific. He does not assert any facts to support the existence of a basis upon which counsel could have filed a motion to suppress.

Second, he argues that trial counsel did not attempt to depose two witnesses, whom he identified by name, to "clarif[y] their initial statements to police" that they had been shot at by Blaha, which, he claims, could have put trial counsel in a better position during plea negotiations.[31] But he does not allege what these witnesses would have said that would have differed from their original statements. Once again, it lacks the necessary specificity.

After utilizing Blaha's arguments to expand his assignment, neither matter specifically states how counsel performed deficiently. This assignment lacks merit.

### (d) Presentence Investigation Report

Finally, Blaha claims that trial counsel was ineffective in not allowing him to review the presentence investigation report. Specifically, Blaha quarrels with a statement in the report regarding self-gratification and another statement about inflicting maximum harm. Blaha argues that because the record shows that trial counsel received and reviewed the presentence investigation report, counsel should have shared and reviewed the contents of the report with Blaha. He argues that as a result, he was unable to communicate to trial counsel the misrepresentations and erroneous characterizations that the probation officer made in the report.

[17,18] A defendant has a qualified right to review his or her presentence report, and the defendant may, with his or her attorney, examine the presentence report subject to the court's

---

[31] Brief for appellant at 11.

supervision.[32] A defendant waives his or her qualified right to review the presentence investigation report by not notifying the trial court that he or she has not personally reviewed the report and that he or she wishes to do so.[33]

In *State v. Moyer*,[34] the defendant asserted that trial counsel was ineffective when counsel failed to disclose to the defendant the contents of the presentence investigation report. We noted that the record contained an affirmation from the sentencing hearing that the defendant had the opportunity to discuss with counsel the contents of the presentence investigation report. Although the defendant's failure to object at sentencing effectively waived his right to challenge it on appeal, the question before us was whether the defendant's trial counsel was deficient for failing to disclose the contents of the presentence investigation report to the defendant prior to sentencing. Our decision in *Moyer* relied on *State v. McDermott*,[35] where the district court did conduct an evidentiary hearing and had the benefit of the testimony from the probation officer and trial counsel that they both reviewed the contents of the presentence investigation report with the defendant. In *Moyer*, because we did not have the benefit of a record containing evidence of any conversations between the defendant and trial counsel, we held that the record was insufficient to address the claim on direct appeal.

Here, the record is void of any statement by Blaha or trial counsel that Blaha either reviewed the presentence investigation report or wished to review the report. Nor is there any statement by Blaha that he had the opportunity to review the presentence investigation report. Similar to *Moyer*, we do not have the benefit of a record that contains any conversation about the

---

[32] *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006).

[33] *State v. Pullens*, 281 Neb. 828, 800 N.W.2d 202 (2011).

[34] *Moyer, supra* note 32.

[35] *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004).

contents of the presentence investigation report between Blaha and trial counsel or the probation officer. Therefore, we conclude that the record is insufficient to address the claim on direct review.

## VI. CONCLUSION

We conclude that there is no merit to the assignments of error we can reach on direct appeal. Accordingly, we affirm Blaha's convictions and sentences.

Affirmed.