IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HEINEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHANE E. HEINEN, APPELLANT.

Filed June 22, 2021.    No. A-20-929.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Timothy M. Eppler for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Shane E. Heinen pled no contest to one count of "Generation of Child Pornography - age 19 or over." The Lancaster County District Court sentenced him to 29 to 36 years' imprisonment. Heinen claims that the district court imposed an excessive sentence and that he was denied his right to effective assistance of counsel. We affirm.

## II. BACKGROUND

On July 9, 2020, the State filed an information charging Heinen with two counts: count I, "Generation of Child Pornography - age 19 or over," a Class ID felony, pursuant to Neb. Rev. Stat. §§ 28-1463.03 (Cum. Supp. 2020) and 28-1463.04(2) (Reissue 2016); and count II, third degree sexual assault of a child, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-320.01(3) (Reissue 2016).

- 1 -

A videoconference hearing was held on September 28, 2020. Pursuant to a plea agreement, Heinen pled no contest to count I of the information, and in exchange, the State dismissed count II and agreed to not pursue a habitual criminal enhancement. According to the factual basis provided by the State,

[O]n December 2nd, 2019, [J.B.] reported to the Lancaster County Sheriff's Office that her daughter, 10-year-old [K.M.], with a date of birth of April . . . 2009, had disclosed during a therapy session earlier that day that she had been the victim of sexual abuse at the hands of Shane Heinen, the defendant, who was [J.B.'s] boyfriend. . . .

So, sheriff's deputies contacted the defendant . . . on December 2nd, 2019, and interviewed him. He denied the allegations of the sexual assault.

Deputies did gain access to his cell phone, after he consented to a download.

On December 3rd of 2019, Investigator Loos of the sheriff's office reviewed the downloaded contents of the defendant's cell phone. During that time, several images of [K.M.] touching as well as holding the erect penis of defendant . . . were identified, as well as images of [K.M.] holding the flaccid penis of defendant . . . .

The defendant was brought back to the sheriff's office on December 3rd, 2019, for further interview. At that time, he was confronted with the photographs on the phone that were taken at [an address] in Lancaster County, Nebraska, defendant's and [J.B.'s] residence, . . . he admitted to those photos being taken at that residence sometime within the last few weeks prior to the interview on December 3rd, 2019.

Defendant stated that 10-year-old [K.M.] touched his penis, that she wanted to see it, and also stated he explained to her what pornography was.

These events did all occur here in Lancaster County, Nebraska.

The district court accepted Heinen's no contest plea to count I--"Generation of Child Pornography - age 19 or over"--and found him guilty of the same. The case was set for sentencing.

After a videoconference hearing on December 2, 2020, the district court sentenced Heinen to 29 to 36 years' imprisonment, with credit for 272 days already served; the sentence was to run consecutively to any other sentence being served by Heinen. Additionally, Heinen was subject to the Nebraska Sex Offender Registration Act.

Heinen appeals.

## III. ASSIGNMENTS OF ERROR

Heinen assigns, reordered, that (1) the district court imposed an excessive sentence and (2) he received ineffective assistance from trial counsel who failed to (a) effectively communicate with him regarding accusations, evidence, and procedure, and (b) coerced him to enter a plea by scheduling an entry of plea hearing without telling him, and telling him he would be sentenced only up to 8 to 10 years' imprisonment if he entered a plea.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Heinen was convicted of one count of "Generation of Child Pornography - age 19 or over," a Class ID felony, pursuant to §§ 28-1463.03 and 28-1463.04(2). The Class ID felony was punishable by a mandatory minimum of 3 years' imprisonment and up to a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Heinen was sentenced to 29 to 36 years' imprisonment; his sentence was within the statutory range.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Heinen was 29 years old at the time of sentencing. According to the presentence report (PSR), Heinen was separated from his wife and had no children. He had a GED and had completed some college, with no plans to further his education. He was working prior to his arrest. Heinen reported being molested by his older half-brother when he was a child, and reported being physically abused by his father. He has a long history of alcohol and drug use, and reported completing treatment in 2019. Heinen admitted to being under the influence of alcohol at the time of his present offense.

Heinen has numerous entries in his juvenile history, which we will not recount here. His adult criminal history includes: MIP three times in 2008 and 2009 for which he was fined the first two times and sentenced to 14 days in jail the third time; disorderly conduct in 2009 for which he was fined; "Theft-Shoplifting" in 2009 for which he paid restitution and was sentenced to 14 days in jail (served concurrently with his 2009 MIP sentence); second degree forgery in 2009 for which he paid restitution and was sentenced to 7 days in jail; obstructing a peace officer in 2010 for which he was fined and sentenced to 53 days in jail; "Theft-Shoplifting" twice in 2010 for which he was sentenced to 60 days in jail the first time and was fined and sentenced to 30 days in jail the second time; MIP and failure to appear in 2010 for which he was sentenced to 45 days in jail each (served consecutively); criminal trespass in 2010 for which he was sentenced to 33 days in jail; "Theft-Unlawful Taking" in 2011 for which he was sentenced to 20 months to 3 years' imprisonment; criminal mischief in 2011 for which he was sentenced to 365 days in jail; "Attempted Theft by Unlawful Taking" in 2016 for which he was fined and sentenced to 60 days

in jail; "Theft by Unlawful Taking" in 2017 for which he was sentenced to 14 days in jail; possession of drug paraphernalia in 2017 for which he was fined; criminal impersonation amended to false reporting in 2017 for which he was sentenced to 30 days in jail; and "DUI-Cause Serious Bodily Injury" and "Leave Scene of Injury Accident-Serious Bodily Injury" in 2017 for which he was sentenced to 18 months' imprisonment each (consecutive), and postrelease supervision of 18 months and 24 months respectively, he was also fined and had his driver's license revoked. Heinen was on postrelease supervision at the time of the current offense, the details of which have been set forth previously.

The probation officer conducted a "Level of Service/Case Management Inventory." Heinen was assessed as a "very high risk to reoffend." He scored "very high risk" in the criminogenic risk factor domains for criminal history, companions, alcohol/drug problem, procriminal attitude/ orientation, and antisocial pattern. He scored "high risk" in the domains for education/employment and leisure/recreation. And he scored "medium risk" in the domain for family/marital. The "Vermont Assessment of Sex Offender Risk-2" placed Heinen as a "moderate high risk" for recidivism.

The probation officer stated that Heinen appeared to be engaging in minimization or denial regarding his problem with alcohol or drugs and regarding his role in the present offense. Heinen's statement in the PSR includes the following: that he "never took any of these photos"; "I know that I was under the influence of drugs and alcohol at the time" "[a]nd wast [sic] fully aware if at all of what was going on"; "I know that [K.M.] had it out for me sence [sic] I got released from prison in July of 2019" and "[s]he's been wanting me to go back ever since I got released"; "[s]he has made comments and actions towards me that have been innapropreat [sic]"; and "I'm truely [sic] sorry for what has happened and I take full responsibility."

At the sentencing hearing, Heinen's counsel stated that from reading the PSR, "a person could take that Mr. Heinen has not accepted responsibility and is showing no remorse, but that is not the case." Rather, Heinen "is very contrite as to what happened in this case, very ashamed as to what has happened, also feels very badly for the victim because of the actions he took." Heinen understands that he violated the victim's trust. Counsel believed a sentence of 8 to 10 years' imprisonment would be appropriate because it does not diminish the seriousness of the offense nor depreciate respect for the law, and "even if he serves half of that [time] and is eligible for parole in half of that, it's still a long, long time for a man of his age." Heinen personally addressed the district court stating that he wanted to apologize to the victim, and that he took "full responsibility" for his actions.

The district court noted that it had reviewed the PSR, including a letter written by the victim, and a letter sent by Heinen to the victim's mother while he was in jail and the case was pending. The victim's letter set forth the effect that Heinen's actions had on her, as well her desire that he be "sentenced for life." In his letter to the victim's mother dated October 9, 2020, Heinen made statements including: "I know what I was being accused of and I know what I was charged with," "[b]ut its [sic] all bullshit"; "[y]ou know just as well as I do that I didn't do this"; "they charged me with generation of child pornography because [K.M.] had taken pictures of herself on my phone at some point and deleted them rite [sic] after taken [sic] them," "[a]nd although I wasn't aware of those photos im [sic] still being charged"; and "[a]n innocent man is going to prison."

- 4 -

The district court stated that it considered this a "very serious offense" and took the victim's letter and her wishes into account in sentencing. The court further stated that "looking at the letter sent to . . . the victim's mother, I don't know that [Heinen] is fully remorseful for his actions," and therefore "a fairly lengthy prison sentence is in order." The court, "having regard for the nature and circumstances of the crimes and the history, character and condition of the defendant," sentenced Heinen as set forth previously. The court stated that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law.

In his brief on appeal, Heinen contends that his sentence was an abuse of discretion because the district court "improperly focused, almost exclusively, on the nature of the offense," and "failed to give proper weight to other relevant considerations," such as his willingness to enter a plea, his need for further treatment for issues with drugs and alcohol, his past as an abuse victim, and his acceptance of responsibility." Brief for appellant at 19.

Having considered the relevant factors in this case, we find that Heinen's sentence was not excessive or an abuse of discretion and his sentence is therefore affirmed. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

## 2. EFFECTIVENESS OF COUNSEL

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Heinen has different counsel on direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

Thus, in reviewing Heinen's claims of ineffective assistance of counsel on direct appeal, we decide only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. See *id.*

Heinen claims that his trial counsel failed to (a) effectively communicate with him regarding accusations, evidence, and procedure, and (b) coerced him to enter a plea by scheduling an entry of plea hearing without telling him, and telling him he would be sentenced only up to 8 to 10 years' imprisonment if he entered a plea.

### (a) Communication

Heinen claims that his trial counsel failed to effectively communicate with him regarding the accusations against him, the evidence available, and the procedural process of the case. The record shows otherwise.

Prior to entering his "no contest" plea on September 28, 2020, Heinen was present at two videoconference hearings during which the nature of the case against him was mentioned. At bond reduction hearings on June 2 and August 10, the State argued against a bond reduction stating that the charges "involve the sexual assault of a minor and generation of child pornography," and "[t]he victim in this case is a minor."

At the plea hearing on September 28, 2020, Heinen was informed by the State that count I of the information charged him with "the generation of child pornography, and you're over 19 years of age at the time." Both the State and the district court went into detail about the charge against him. The court informed Heinen that count I of the information alleged:

> [O]n, about or between July 6th of 2019, and December 2nd of 2019, in Lancaster County, Nebraska, you, who are 19 years of age or older, did knowingly make, publish, direct, create, provide, or in any manner generate any visual depiction of sexually explicit conduct which had a child, other than you, as one of its participants or portrayed observers; or knowingly purchase, rent, sell, deliver, distribute, display for sale, advertise, trade or provide to any person any visual depiction of sexually explicit conduct which had a child as one its participants or portrayed observers; or knowingly employ, force, authorize, induce or otherwise cause a child to engage in any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers; or as a parent, stepparent, legal guardian or any person with custody or control of a child, knew the content thereof, did consent to such child engaging in any visual depiction of sexually explicit conduct which had a child as one of its participants or portrayed observers.

Heinen confirmed his understanding of the charge against him. The court also asked Heinen if his attorney had explained the charge against him as set forth in count I, and Heinen responded, "Yes." Heinen confirmed his understanding of what the State would have to prove beyond a reasonable doubt in order to convict him of the crime, and he confirmed that his attorney explained that to him.

Heinen confirmed to the district court that he had told his attorney everything he knew about the case and was unaware of anything that could help him that he had not already discussed with his attorney. As set forth previously, the State gave a factual basis for the plea, stating what it believed the evidence would be.

The district court also advised Heinen of his rights, including the presumption of innocence, the right to a trial, the right to confront his accusers and present witnesses in his own defense, the right against self-incrimination, and the State's burden to prove guilt beyond a

reasonable doubt. Heinen confirmed his understanding of his rights and his desire to waive those rights and enter a plea. Heinen also confirmed his understanding that if the court accepted his plea that he would be waiving his right to challenge any statements, admissions, or confessions made by him, as well as any evidence seized from him. Heinen confirmed that he had the opportunity to discuss his rights with his attorney and denied needing any more time to discuss them with his attorney. Heinen's trial counsel also confirmed that he had discussed Heinen's rights with him, and stated his belief that Heinen understood his rights and the consequences of waiving those rights.

The district court advised Heinen that if the court accepted his plea and found him guilty that he would be subject to the requirements of the Nebraska Sex Offender Registration Act. Heinen confirmed his understanding of that and also confirmed that he had discussed the requirements of the Sex Offender Registration Act with his attorney; he denied needing any more time to discuss the requirements with his attorney.

Based on the foregoing, the record affirmatively refutes Heinen's claim that his trial counsel failed to effectively communicate with him regarding the accusations against him, the evidence available, and the procedural process of the case. Regardless of specific communications between Heinen and his trial counsel, Heinen cannot show prejudice as to this claim because the charge and evidence against him, as well as the process, were discussed by the district court at the plea hearing and Heinen confirmed his understanding thereof. Accordingly, this claim of ineffective assistance of trial counsel fails.

(b) Coercion

Heinen claims that he was coerced into entering a plea because trial counsel scheduled the original entry of plea hearing without telling him. The original entry of plea hearing was held via videoconference on August 31, 2020, and the record reflects that Heinen was present. However, even if that hearing was scheduled without Heinen's knowledge, he cannot show any prejudice. As Heinen himself notes, the original plea hearing was ultimately continued, on his trial counsel's motion, to September 28. It was at the September 28 hearing that Heinen entered his "no contest" plea. Heinen makes no claim or argument that the September 28 hearing was scheduled without his knowledge. In fact, Heinen was present on the August 31 videoconference when the district court stated on the record that the hearing was continued to September 28. Accordingly, this claim of ineffective assistance of trial counsel fails.

Heinen further claims that he was coerced into entering a plea because trial counsel told him he would be sentenced only up to 8 to 10 years' imprisonment. He asserts that he was prejudiced by trial counsel's deficient performance. But the record shows otherwise. At the plea hearing, the district court informed Heinen that the Class ID felony carried a mandatory minimum of 3 years' imprisonment, with a maximum of 50 years' imprisonment. The court asked Heinen, "[H]as anyone made any promises or representations to you concerning what my sentence will be in this case if I accept your plea and find you guilty?" Heinen responded, "No." From these statements, the record affirmatively refutes Heinen's claim that he was coerced into entering a plea because trial counsel told him he would be sentenced only up to 8 to 10 years' imprisonment. Accordingly, this claim of ineffective assistance of trial counsel fails.

## VI. CONCLUSION

For the reasons stated above, we affirm Heinen's sentence. The record is also sufficient to review both of Heinen's claims of ineffective assistance of trial counsel, and we conclude that both claims fail.

AFFIRMED.