IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. CAMPBELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHANIKA E. CAMPBELL, APPELLANT.

Filed April 19, 2022.    No. A-21-853.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Shanika E. Campbell appeals from her plea-based conviction for theft by shoplifting, $0-$500 -- second offense, in the district court for Lancaster County. She argues that her sentence is excessive and that her trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm.

## BACKGROUND

Campbell was originally charged in the present case with one count of theft by shoplifting, $1,500-$5,000, a Class IV felony. Pursuant to a plea agreement, the State filed an amended information charging her with one count of theft by shoplifting, $0-$500 -- second offense, a Class I misdemeanor. Following a hearing, Campbell pled guilty to the charge and the court accepted her plea. The plea in this case was part of a global plea agreement involving six other cases which were all in county court.

- 1 -

A presentence investigation (PSI) was ordered to be done prior to sentencing. She had recently participated in a PSI for the other cases but the court wanted additional information specific to the crime at issue. Campbell asked to reschedule the initial interview date because she was exposed to COVID-19. The interview was rescheduled and Campbell failed to appear for her scheduled appointment. A sentencing hearing was subsequently held and the court sentenced Campbell to 90 days in jail.

## ASSIGNMENTS OF ERROR

Campbell assigns that (1) the trial court erred in sentencing her to 90 days in jail, and (2) her trial counsel was ineffective in failing to engage in discovery to sufficiently evaluate her global plea agreement, and stating at the sentencing hearing that she had been sexually assaulted by the father of her children.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

*Excessive Sentence.*

Campbell first assigns that her sentence is excessive. It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton, supra*. When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id.*

The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes

the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Campbell was convicted of theft by shoplifting, $0-$500 -- second offense, a Class I misdemeanor. Neb. Rev. Stat. § 28-106 (Reissue 2016) authorizes a maximum sentence of imprisonment of not more than one year, with no minimum sentence. Campbell's sentence is within the statutory range and will not be disturbed absent an abuse of discretion. Campbell argues that the court did not state how it applied the factors to be considered at sentencing and without those details, we must conclude that the court abused its discretion.

At the sentencing hearing, the court stated that it had considered all the information in the PSI and all the factors it was required to consider by law. The court stated that Campbell's failure to appear for the PSI interview weighed against her in determining whether probation was appropriate or not. The court also noted that she had been on probation multiple times in the past. Campbell also had several prior theft convictions and several charges that were pending. The court found it significant that Campbell's shoplifting was a business venture for her. She had been stealing "high ticket" items and then selling them. It concluded that probation was not appropriate based on her risk/need assessment score, which was "very high" for recidivism, as well as her criminal history.

The trial court adequately explained why it found that probation was not appropriate for Campbell. It also considered the relevant factors the court is to consider in determining a sentence and there is no indication that it considered any inappropriate or unreasonable factors. We conclude that the court did not abuse its discretion in sentencing Campbell to 90 days in jail.

*Ineffective Assistance of Counsel.*

Campbell next assigns that trial counsel, who was different from appellate counsel, provided ineffective assistance. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *Id.* But the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an

ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *Id*.

When reviewing claims of alleged ineffective assistance of counsel, trial counsel is afforded due deference to formulate trial strategy and tactics. *State v. Huston*, 285 Neb. 11, 824 N.W.2d 724 (2013). There is a strong presumption that counsel acted reasonably, and an appellate court will not second-guess reasonable strategic decisions. *Id.*

Campbell first assigns that her trial counsel was ineffective in failing to conduct discovery prior to the plea hearing to effectively evaluate the global plea agreement. She argues she was "deprived of the opportunity for counsel to review discovery and advise her whether there may have been suppressible issues in the District Court matter which may have altered her decision to proceed with the plea agreement. . . ." Brief for appellant at 22.

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

We conclude that Campbell has failed to allege sufficient factual allegations of conduct to constitute deficient performance by trial counsel. She has not specifically alleged the conduct that she claims was deficient. She makes a broad allegation that trial counsel did not conduct discovery in the present case and had he done so it would have given him further information about the global plea agreement. She also generally alleges that discovery may have revealed suppression issues. She does not allege what information would have been discovered or what possibly could have been suppressed. This allegation of ineffective assistance of counsel was not made with sufficient particularity and Campbell is procedurally barred from further pursuing this claim in a future postconviction proceeding.

Campbell next assigns that trial counsel provided ineffective assistance at the sentencing hearing when he told the court that Campbell had been sexually assaulted by the father of her children. The statement was made when counsel was summarizing her background and explaining that she had experienced some traumatic times in her life. Campbell contends that the statement led the trial court to have an unfavorable impression of her, leading to an excessive sentence.

We conclude the record demonstrates that Campbell would not be able to establish she was prejudiced by the alleged deficient performance. The trial court made no mention of the abuse allegations in announcing Campbell's sentence. It focused on her failure to appear for the PSI interview, her risk assessment scores, her criminal history, and her past sentences of probation. Accordingly, Campbell cannot establish that she was prejudiced by the sexual assault statement made by counsel. This claim of ineffective assistance of counsel fails.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in sentencing Campbell and her sentence is not excessive. We also conclude that Campbell's ineffective assistance of counsel claims are either not sufficiently raised or the record shows that she was not prejudiced by counsel's alleged deficient performance. Accordingly, Campbell's conviction and sentence is affirmed.

AFFIRMED.