IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. JONES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALVIN F. JONES, JR., APPELLANT.

Filed February 3, 2026.    No. A-25-484.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Mona Burton, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, WELCH, and FREEMAN, Judges.

WELCH, Judge.

## I. INTRODUCTION

Alvin F. Jones, Jr., appeals from his plea-based conviction of second degree assault. He assigns as error that the district court imposed an excessive sentence and that his trial counsel was ineffective. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

Jones was originally charged with four counts of second degree assault, Class IIA felonies; one count of use of a firearm to commit a felony, a Class IC felony; and one count of possession of a firearm by a prohibited person, a Class ID felony. Pursuant to a plea agreement, Jones pled no contest to an amended information that charged him with one count of second degree assault, a Class IIA felony. The State dismissed the remaining charges and agreed not to file further charges arising out of the investigation into the incident.

The State provided a factual basis, which set forth that on October 20, 2023, at approximately 12:46 a.m., four individuals wearing dark clothing began firing handguns into a line of patrons in front of a bar. Four individuals were struck by bullets. The shooters fled the scene in two vehicles, one of which was driven by, and registered to, Jones. Following an investigation, law enforcement officers determined that although Jones was not one of the four shooters, Jones had purchased a handgun that had been used in the shooting.

At the sentencing hearing, during allocution, Jones stated, ". . . I apologize for my involvement, and I [understand] what I did was wrong. . . . it will never happen again." The court stated:

> I have reviewed the [presentence] investigation report. I have reviewed the appropriate statutes and have considered all of the statutory factors in sentencing . . . Jones today.
>
> . . . there are a couple of things that grabbed me . . . Number one, that you are the owner of a gun that was used in this shooting in downtown Lincoln. You know, and it's not by chance that [your] gun ended up in downtown Lincoln and ended up in the hands of one of those people that was doing the shooting . . . 41 times in a downtown business area with innocent bystanders.
>
> And you drove the people down there. . . . you [drove] them down there, then afterwards, you [drove] them back.
>
> I just can't consider that conduct to be conduct that I'm willing to put somebody on probation for. Somebody who aids individuals in coming to Lincoln downtown at the bars, gives somebody a gun. Those people [were there] for one purpose, and . . . my reading of the [PSR], . . . one of the reasons this whole thing kind of came together was the Omaha Police Gang Department identifies you as a gang member, as well as everybody else. I mean, it's in the reports.
>
> And then here you are today, and you asked for . . . probation. I just can't see my way through that. Not . . . in this kind of a crime.
>
> So, I have taken into account your lack of criminal history in sentencing you today, but . . . to give you probation would depreciate the seriousness of the crime.
>
> So, having regard for the nature and circumstance[s] of the crime, and the history, character, and condition of [Jones], the Court finds that imprisonment . . . is necessary for the protection of the public, because the risk is substantial that during any period of probation he would engage in additional criminal conduct and a lesser sentence would depreciate the seriousness of his crimes and promote disrespect for the law.

The district court sentenced Jones to 12 to 20 years' imprisonment and awarded 4 days' credit for time previously served. The sentence was ordered to be served consecutively to any other previously imposed sentence. Jones has timely appealed and is represented by new counsel.

## III. ASSIGNMENTS OF ERROR

Jones assigns as error that (1) the district court imposed an excessive sentence and (2) his trial counsel was ineffective for failing to (a) provide Jones with discovery; (b) ask Jones'

codefendants' counsel whether the codefendants would testify on Jones' behalf; and (c) object to, or otherwise challenge, the court's determination that Jones was a gang member.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Jones first assigns as error that the district court abused its discretion in imposing an excessive sentence. More specifically, he argues that the court did not properly consider his background, including his age, his minimal criminal record, his full-time employment, his plea that saved the time and expense of a trial, his work with youth through the Boys & Girls Club, his acknowledgment that his actions were wrong, and that he apologized for his involvement in the incident.

Jones was convicted of second degree assault, a Class IIA felony. See, Neb. Rev. Stat. § 28-309 (Reissue 2016); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). His sentence of 12 to 20 years' imprisonment is within the statutory sentencing range for Class IIA felonies, which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See § 28-105. Jones also received a substantial benefit from his plea agreement in which five felonies were dismissed.

It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id.*

The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes

- 3 -

the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

We further note that Jones' claim that the court failed to properly weigh the relevant factors relating to sentencing is merely a request for this court to conduct its own de novo review of those factors. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). Further, as to his claim that he received a similar sentence to his codefendants even though Jones was less involved in the offense, nothing in our sentencing guidelines requires a judge to consider the sentences imposed on codefendants. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011).

Here, although Jones contends that the district court did not properly consider various factors in imposing his sentence, the district court reviewed the presentence investigation report (PSR), which included information concerning all of the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor, nor to make specific findings as to the facts pertaining to the factors or the weight given them. *Id*. And, more recently, the Nebraska Supreme Court has clarified that there is no duty to conduct a comparative analysis of a sentence or sentences with the sentences imposed in other cases. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026).

According to the PSR, Jones was 26 years old, single, with no dependents. He graduated from high school and was employed full-time. Jones' criminal history includes three convictions for speeding and one conviction each for first offense minor in possession and first offense possession of marijuana (1 ounce or less). The level of service/case management inventory assessed Jones as a medium-high risk to reoffend.

During the presentence investigation interview, Jones told the probation officer, "I was in the bar when this happened. I don't know any of the victims. I have no history with them." And when asked if he believed the charges against him were fair, Jones said, "I don't like it. I didn't do anything. They said I allegedly took him there to do that." However, at another point in the interview, Jones admitted to providing transportation to the codefendants from Omaha, Nebraska, to Lincoln, Nebraska.

Based on factors, including that the sentence imposed is within the statutory sentencing range, the benefit that Jones received from his plea agreement, his risk to reoffend, and Jones' failure to accept responsibility for his part in the incident during which 4 people were shot, the district court did not abuse its discretion in the sentence imposed. This assignment of error fails.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Jones next argues that his trial counsel was ineffective for failing to (a) provide Jones with discovery; (b) ask Jones' codefendants' counsel whether the codefendants would testify on Jones' behalf; and (c) object to, or otherwise challenge, the court's determination that Jones was a gang member.

In *State v. Swartz*, 318 Neb. 553, 566-67, 17 N.W.3d 174, 184-85 (2025), the Nebraska Supreme Court reiterated the propositions of law relative to a defendant's claims of ineffective assistance of counsel made in a direct appeal:

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Rezac*[, 318 Neb.] 352, 15 N.W.3d 705 (2025).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*[, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984)], the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Dat*[, 318 Neb.] 311, 15 N.W.3d 410 (2025). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

And recently, in *State v. Rupp*, 320 Neb. 502, 523, 28 N.W.3d 74, 89 (2025), the Nebraska Supreme Court clarified the specificity needed when alleging an ineffective assistance of counsel claim on direct appeal:

We hold that the assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. This requires a description of the specific conduct alleged to constitute deficient performance. The argument section of the brief is to elaborate on these claims by discussing legal authority and its application to the trial record, not to set forth, for the first time, what the allegedly deficient act was.

### (a) Failure to Provide Jones With Discovery

Jones' first claim of ineffective assistance of counsel is that his trial counsel "failed to provide [him] with discovery." In *State v. Dap*, 315 Neb. 466, 997 N.W.2d 363 (2023), the Nebraska Supreme Court addressed a similar claim that the defendant's counsel was ineffective

for failing to share discovery with him in relation to a shooting crime. In addressing whether the claim was stated with sufficient specificity, the Nebraska Supreme Court stated:

> [The defendant] does not identify any reports that would have aided his defense, any inaccuracies that were contained therein, any potential defenses, or any potential witnesses who would have testified either that someone other than [the defendant] possessed the gun or that it was not fired at the apartment building. Although we have some doubt regarding whether [the defendant] sufficiently pled this claim, both parties assert that the record is insufficient to review it.

*State v. Dap*, 315 Neb. at 477-78, 997 N.W.2d at 373-74. The State makes no such assertion here. And on this record, where the evidence is so strong regarding Jones' guilt, we find that Jones failed to plead this claim with sufficient particularity by generally alluding to his counsel's failure to share discovery with him without identifying what discovery was not shared, how it was meaningful, or how it provided any defense against the charges. On this record, we find the claim fails on the basis that it was not pled with sufficient specificity.

(b) Testimony by Codefendants

Jones' second claim of ineffective assistance of counsel is that his counsel failed to ask counsel for Jones' codefendants whether the codefendants would testify on Jones' behalf. We find that the record refutes this claim, and that Jones cannot establish prejudice from the error assigned.

First, insofar as Jones is claiming his counsel failed to follow his instructions to inquire into his codefendants' willingness to testify, Jones was specifically asked by the court, "Is there anything you've asked [trial counsel] to do in regard to representing you in this matter that he's failed to do?" Jones responded, "No, sir." As such, the record refutes this claim, as Jones acknowledged that his counsel did not fail to follow his instructions.

But insofar as Jones is suggesting that his counsel was ineffective for failing to make this inquiry on his own, we find that Jones cannot establish prejudice as a matter of law. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). We find that the record is sufficient to consider this claim because it establishes that Jones will not be able to establish prejudice as a matter of law. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025).

Here, Jones' specific assignment of error is that his trial counsel's failure to inquire into his codefendants' willingness to testify adversely impacted his decision to enter a plea. However, regardless of whether his codefendants were willing to testify for Jones, Jones retained the right to subpoena his codefendants to testify at his trial regardless of their willingness to do so. As such, Jones cannot establish prejudice from his lack of knowledge of his codefendants' willingness to testify because their attendance at trial could be compelled. Further, when factored against Jones' generous plea agreement in which five felony charges were dismissed, we find this allegation of ineffective assistance of trial counsel fails in that Jones could not establish prejudice associated with this assigned error.

(c) Failure to Object or Challenge Gang Member Status

Jones' third and final claim of ineffective assistance of counsel is that his counsel failed to object to, or otherwise challenge, the court's determination that Jones was a gang member. However, the record reflects that the court stated that "my reading of the [PSR] . . . one of the reasons this whole thing kind of came together was the Omaha Police Gang Department identifies you as a gang member, as well as everybody else. I mean, it's in the reports." However, earlier in the sentencing hearing, the court asked Jones' attorney if there were any additions, corrections or deletions that needed to be made to the PSR, and the only change trial counsel identified was that the years of Jones' employment at the Boys and Girls Club was incorrect. No mention was made regarding gang involvement. Further, the Court had the following colloquy with Jones:

THE COURT: . . . Jones, have you had an opportunity to discuss the [presentence] investigation report with [your trial counsel?]

[Jones:] Yes, Your Honor.

THE COURT: Are you aware of anything that needs to be added, corrected, or taken out of that report?

[Jones:] No, Your Honor.

Here, Jones' statements during his sentencing hearing refute his claim as Jones himself asserted that there were no additions, corrections or deletions that needed to be made to the PSR. Accordingly, this claim also fails.

## VI. CONCLUSION

Having considered and rejected Jones' assigned errors, we affirm his conviction and sentence.

AFFIRMED.